481 A.2d 1366

**FAIRMONT CORPORATION**

**v.**

**Mort EISNER, individually and t/a Certified Carpet Distributors, Appellant.**

Superior Court of Pennsylvania.

Submitted July 12, 1984.

Filed Sept. 28, 1984.

Shelley W. Elovitz, Pittsburgh, for appellant.

Samuel Avins, Pittsburgh, for appellee.

Before ROWLEY, HESTER and ROBERTS, JJ.

ROBERTS, Judge:

This appeal is taken from a judgment entered against appellant in the amount of $2783.95, following the dismissal of appellant's exceptions to a non-jury verdict in the same amount. Among appellant's exceptions was his main contention on this appeal, that the court improperly permitted appellee to proceed *ex parte.*

Appellee commenced the present action in March of 1981 to recover the above sum, which represents the amount of allegedly "unauthorized discounts" which appellant had taken in connection with goods purchased from appellee. Through counsel, Gilbert M. Gerber, Esq., appellant filed a "Notice of Intention to Appear" which denied that the discounts taken had been unauthorized. The matter proceeded to arbitration. On October 26, 1981, a panel of arbitrators entered an award in favor of appellant. Appellee filed a notice of appeal from the award with the court of common pleas. The January 12, 1982, edition of the Pittsburgh Legal Journal listed 9:00 a.m., March 15, 1982, as the time and date for trial, before Doyle, J.

By order of our Supreme Court dated February 3, 1982, counsel for appellant was disbarred on consent, pursuant to Pa.R.D.E. 215. See The Pennsylvania Lawyer, Vol. 4, No. 3 (April 15, 1982), p. 33. Under Pa.R.D.E. 217, the disbarment would take effect in 30 days, on March 5, 1982. See former Pa.R.D.E. 217(c), now Pa.R.D.E. 217(d). During that interim period, counsel for appellant was required to give appellant notice of the disbarment, "advise the prompt substitution of another attorney or attorneys in place of the formerly admitted attorney," and

"In the event the client does not obtain substitute counsel before the effective date of the disbarment, supervision, or transfer to inactive status, it shall be the responsibility of the formerly admitted attorney to move in the court or

agency on which the proceeding is pending for leave to withdraw."

Id. No substitute counsel entered an appearance on appellant's behalf prior to trial, and no motion for leave to withdraw appears of record in this case.

The matter proceeded to trial *ex parte* before a judge sitting without a jury on March 15, 1982, the date advertised in the Pittsburgh Legal Journal. Prior to appellee's presentation of evidence, Robert W. Koehler, Esq., counsel for appellee at trial, told the court of a conversation between appellant and Samuel Avins, Esq., counsel for appellee at the arbitration level, who was not present at the trial. According to Mr. Koehler,

"it was either on Tuesday or Wednesday of last week. Mr. Eisner made inquiry as to when the hearing would be held. Mr. Avins informed him that the hearing would be held on this date at 9:00 a.m. before your Honor in Room 711 of the City-County Building, Pittsburgh. At that time, Mr. Eisner did not relate whether he had retained substitute counsel and nothing further was said."

The trial judge then stated:

"All right. We made attempts also to contact the persons involved. Let the record show ... that in addition to [official publication in the Pittsburgh Legal Journal], cards were mailed on February 8, 1982, to all counsel of record or persons who were named as parties but had no counsel listed on the official records for trial before this member of the court today; that the case has now been called; that counsel of record, Mr. Gerber, has not responded; that attempts have been made and actually calls have been made to Mr. Mort Eisner [(appellant)], trading as Certified Carpet Distributors advising him of the time and place of the hearing.

We will, therefore, proceed with the hearing."

The "hearing" was in reality a trial on the merits of appellee's claim, and consisted of appellee's presentation of two witnesses, whose testimony concerning the allegedly unauthorized discounts spanned a total of seven pages of

trial transcript. The verdict of $2783.95, plus interest, in favor of appellee was returned on the day of trial.

Within three days of trial, appellant, through new counsel, filed exceptions to the verdict. Appellant also filed an "Affidavit of Non-Notice of Hearing," in which appellant stated that he had not been informed, "either orally . . . or . . . in writing by Attorney Samuel Avins of the date, time or place of the hearing," and, further, that Mr. Avins had advised appellant "that it would be a conflict of interest for him to tell me [ (appellant) ] anything about the case." By order dated June 15, 1982, the court dismissed appellee's exceptions. In the opinion accompanying the order, the court treated as true the information supplied by Mr. Koehler regarding the conversation between appellant and Mr. Avins, in which Mr. Avins allegedly told appellant of the date, time, and place of trial. The record shows no evidentiary hearing being held on the representations of appellant contained in his "Affidavit of Non-Notice," in which he disputed the content of that conversation and his alleged awareness of the scheduling of trial.

█ This matter is governed by the principles established by our Supreme Court in *Triangle Pacific Philadelphia Corp. v. Trident Enterprises, Inc.*, 495 Pa. 427, 434 A.2d 1165 (1981). There, the trial court permitted the plaintiff to proceed to trial notwithstanding the absence of counsel for the defendant, on a record which showed that counsel for the defendant had not been made aware of the date for the trial. Our Supreme Court "focus[ed] . . . upon the reasonableness of the court's action . . . when it ordered that the matter proceed to trial *ex parte*," 495 Pa. at 436, 434 A.2d at 1169, and consistent with fundamental fairness, deemed it improper for the matter to proceed to trial *ex parte* "at a time when counsel for appellee was unaware that the matter would be considered." 495 Pa. at 434, 434 A.2d at 1168. See also *Budget Laundry Co. v. Munter*, 450 Pa. 13, 298 A.2d 55 (1972) (*ex parte* trial improper where counsel for defendant was unavailable, due to legitimate demands of schedule). Here, appellant's exceptions disputed whether appellant had been, in fact, made aware of the date for trial

by counsel for appellee. If appellant, as he alleges, was not advised of the date for trial, then just as in *Triangle Pacific*, fundamental fairness requires that appellant be granted relief from the judgment.

[2] We do not agree with the trial court's reading of *Triangle Pacific*, which would limit entitlement to relief to cases in which a continuance has been requested by the party seeking relief. Although the facts of *Triangle Pacific* show that a continuance was requested by counsel for the defendant, that request was made prior to the scheduling of the actual trial. Our Supreme Court, as noted above, considered the controlling question in *Triangle Pacific* to be whether counsel for the party adversely affected by the *ex parte* trial had knowledge of the actual trial date. Consistent with *Triangle Pacific* and the considerations of fundamental fairness upon which that decision is based, surely it must be concluded that a request for a continuance need not be made where, as it is alleged here, there is no reason to know that a trial date has been set.

[3] Nor do we agree with appellee's suggestion that notice by publication and/or by specific notice to counsel of record was adequate to inform appellant of the date for trial. Notice of the date for trial by publication was provided three weeks before entry of the order disbarring appellant's counsel of record, Mr. Gerber. Specific notice, by mailing cards, was given five days after the order of disbarment, at a time when Mr. Gerber was required, by Pa.R.D.E. 217, to terminate his involvement in pending matters. Yet as of the *ex parte* trial, counsel of record for appellant was still Mr. Gerber, whose disbarment, pursuant to former Pa.R.D.E. 217(c), would have taken effect ten days earlier and who, on this record, had not sought leave to withdraw in accordance with Pa.R.D.E. 217(b). In these circumstances, and in light of the alleged efforts of counsel for appellee to advise appellant of the date for trial, it may not fairly be concluded that appellant's former counsel supplied appellant with all information necessary to charge appellant with having had knowledge of the date, time and place of trial.

■ Other than the alleged conversation between appellant and one of appellee's counsel, the content of which appellant has sharply disputed, the sole remaining source of efforts to provide appellant with information concerning the trial date is mentioned by the trial judge, who, just prior to trial, stated that "attempts have been made and actually calls have been made to [appellant] advising him of the time and place of the hearing." This record, however, clearly does not establish any more than that appellant was not reached by the party who had made the "attempts" and had placed the "calls."

Because the present record does not support the trial court's dismissal of appellant's exceptions, the order dismissing appellant's exceptions and the judgment in favor of appellee must be vacated. The record is remanded for further proceedings consistent with this opinion, including an evidentiary hearing on appellant's claim that he was not made aware of the date for trial, following which an appropriate order and judgment shall be entered.

Order dismissing exceptions and judgment vacated. Record remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.